UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TONOKIA S. EMBRY,

      Plaintiff,

v().                                            Case No. 1:13-cv-1193
                                             Hon. Hugh W. Brenneman, Jr.

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.
_____/

**OPINION**

    **I.**    **Background**

Plaintiff applied for and was denied Supplemental Security Income (SSI). After an administrative law judge (ALJ) denied her claim for benefits, plaintiff filed an appeal in this Court. Plaintiff prevailed and her claim was remanded to the Commissioner of the Social Security Administration (Commissioner) pursuant to sentence four of 42 U.S.C. § 405(g). *See Embry v. Commissioner of Social Security*, No. 1:10-cv-991 (W.D. Mich. March 7, 2012). Under the regulations, "[w]hen a Federal court remands a case to the Commissioner for further consideration, the Appeals Council, acting on behalf of the Commissioner, may make a decision, or it may remand the case to an administrative law judge with instructions to take action and issue a decision or return the case to the Appeals Council with a recommended decision." 20 C.F.R. § 416.1483.

Here, the Appeals Council remanded the case to an administrative law judge (ALJ), who entered a partially favorable decision on February 21, 2013 (AR 706, 714-28). Specifically, the ALJ found that "[b]ased on the application for supplemental security income protectively filed on November 30, 2006, the claimant has been disabled under section 1614(a)(3)(A) of the Social

Security Act beginning on August 31, 2011" (AR 728). The ALJ's Notice of Decision advised plaintiff of the steps to take if she disagreed with the decision:

> If you disagree with my decision, you or your representative may submit written exceptions to the Appeals Council. "Written exceptions" are your statements explaining why you disagree with my decision. Please put your Social Security number shown above on any written exceptions you send.

(AR 709). The ALJ's Notice also advised plaintiff that the "written exceptions" needed to be filed within 30 days of the date that she received the notice, and that "[i]f you need more time to file your written exceptions, you must file a written request with the Appeals Council" (AR 709). In addition, the ALJ provided instructions in a section of the Notice entitled "**How Written Exceptions Work**", advised plaintiff that "[t]he rules the Appeals Council uses are in the Code of Federal Regulations, Title 20, Chapter III, Part 416 (Subpart N)", and provided contact information if plaintiff had any questions (emphasis in original) (AR 710-11). In this regard, 20 C.F.R. § 416.1484 sets forth the requirement for filing written exceptions:

> In accordance with § 416.1483, when a case is remanded by a Federal court for further consideration, the decision of the administrative law judge will become the final decision of the Commissioner after remand on your case unless the Appeals Council assumes jurisdiction of the case. The Appeals Council may assume jurisdiction based on written exceptions to the decision of the administrative law judge which you file with the Appeals Council or based on its authority pursuant to paragraph (c) of this section [i.e., 20 C.F.R. § 416.1483(c)].

20 C.F.R. § 416.1484(a) (brackets added). The regulation further provides that "[i]f no exceptions are filed and the Appeals Council does not assume jurisdiction of your case, the decision of the administrative law judge becomes the final decision of the Commissioner after remand." § 416.1484(d). *See generally, Carroll v. Astrue*, 402 Fed. Appx. 709, 713 at fn. 5 (3d Cir. 2010) (summarizing some of the differences between Appeals Council review of a new claim as opposed

to review of a remanded claim).

Plaintiff was not satisfied with the ALJ's decision, and, on March 13, 2013, her counsel submitted a request for review of the hearing decision to the Appeals Council (AR 703, 706). In a letter dated March 26, 2013,the Appeals Council construed plaintiff's improperly filed request for review as a request for an extension of time to send written exceptions, stating "[t]he Appeals Council grants your request for more time to send us written exceptions explaining the reasons you disagree with the Administrative Law Judge's decision dated February 21,2013" (AR 707). In granting the extension, the Appeals Council advised plaintiff that:

> If you have exceptions, you must send them to us within 30 days of the date of this letter. We assume you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period. We will not allow more time to send exceptions except for very good reasons.

(AR 707). Plaintiff was further advised that:

> If we do not hear from you within 30 days, we will assume that you do not want to send us more information. We will then make our decision.

(AR 707).

Plaintiff took no further action until approximately three months later. In a letter to the Appeals Council dated June 19, 2013, plaintiff's counsel stated that it had come to his attention that he failed to utilize the appropriate form in filing objections to the ALJ's decision following a remand to the Appeals Council in three files, including this case (AR 706). Counsel's letter included written objections to the ALJ's decision (AR 706).

In a letter dated September 5, 2013, the Appeals Council rejected the objections as untimely, stating in pertinent part:

> The notice accompanying the Administrative Law Judge's unfavorable

decision after court remand, dated February 21, 2013, gave you 30 days to file exceptions. In response, your representative, Timothy O'Rourke, Esq., submitted a request for review of the hearing decision on March 13, 2013. The Appeals Council granted an extension of time to file exceptions on March 26, 2013, and gave your representative 30 days to file exceptions to the hearing decision. We consider you to have received the notice of the extension of time five days after we mail it to you or your representative. Therefore, the deadline for timely filing of exceptions to the hearing decision expired April 30, 2013. As of that date, no exceptions to the hearing decision had been received.

On June 19, 2013, your representative submitted exceptions to the hearing decision. We find that you did not send us exceptions or ask for more time to do so *within 30 days* of the date you received the Appeals Council's extension of time. We therefore do not assume jurisdiction pursuant to 20 CFR 416.1484(b).

(AR 703) (emphasis in original).[1]

On October 31, 2013, plaintiff brought this federal court action pursuant to 42 U.S.C. § 405(g), for the alleged purpose of seeking judicial review of a decision of the Commissioner adverse to plaintiff. *See* Compl. (docket no. 1). However, the record reflects that plaintiff does not seek to review the merits of the Commissioner's February 21, 2013 decision. Rather, the purpose of this action is to contest the Appeals Council's failure to assume jurisdiction to review the ALJ's decision pursuant to 20 C.F.R. § 416.1484. *See* Plaintiff's Brief (docket no. 17 at p. ID# 1256) ("[plaintiff] requests remand solely for the purpose of directing the Appeals Council to exercise jurisdiction and render a final decision of the Commissioner in the within matter").

---

[1] The Court notes that 20 C.F.R. § 416.1484(b)(3) provides in pertinent part:

When you file written exceptions to the decision of the administrative law judge, the Appeals Council may assume jurisdiction at any time . . . If the Appeals Council assumes jurisdiction, it will make a new, independent decision based on the preponderance of the evidence in the entire record affirming, modifying, or reversing the decision of the administrative law judge, or it will remand the case to an administrative law judge for further proceedings, including a new decision. The new decision of the Appeals Council is the final decision of the Commissioner after remand.

4

## II. Review of Appeals Council action

This Court does not review the Appeals Council's administrative decision declining to assume jurisdiction over an ALJ's decision. Judicial appeals of Social Security decisions are authorized by 42 U.S.C. § 405(g), which provides in pertinent part that, "[a]ny individual after any final decision of the Commissioner made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner may allow. 42 U.S.C. § 405(g). While § 405(g) limits review to a "final decision of the Commissioner," that term is not defined in the statute. *See Weinberger v. Salfi*, 422 U.S. 749, 766 (1975). In this instance, the "final decision" is the ALJ's February 21, 2013 partially favorable decision rather than the Appeals Council's determination on September 5, 2013 not to assume jurisdiction of the case pursuant to 20 C.F.R. § 416.1484(b). *See Frame v. Commissioner*, *Social Security Administration*, -- Fed Appx. --, No. 13-15347, 2015 WL 150733 at *1 (11th Cir. Jan. 13, 2015) (where the Appeals Council does not assume jurisdiction on remand, "the ALJ's decision [becomes] the Commissioner's final decision and is thus subject to judicial review"), citing 20 C.F.R. §§ 404.984 and 416.1484. Accordingly, this Court lacks jurisdiction to review plaintiff's claim regarding the Appeals Council's September 5, 2013 decision.

## III. Constitutional challenge

In her brief, plaintiff raises a constitutional challenge, claiming that her due process rights were violated because the Appeals Council characterized her request for review as a request for an extension of time and that the notice received from the Appeals Council "does nothing to suggest that a final decision of the Commissioner would be withheld absent an additional

5

submission." Plaintiff's Brief at p. ID# 1256.  As an initial matter, plaintiff's complaint is a generic, three-paragraph complaint used to appeal an adverse final decision from the Commissioner.  *See* Compl. (docket no. 1).  However, plaintiff's action does not seek review of that final decision entered on February 21, 2013, but rather seeks a Court order directing the Appeals Council to exercise jurisdiction, because the Appeals Council provided inadequate notice in violation of her due process rights.  Plaintiff's Brief at pp. ID## 1255-56.  Nothing in this complaint raises a constitutional challenge.  Under these circumstances, plaintiff's complaint did not comply with Fed. R. Civ. P. 8(a)(2), which requires that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."

Even if the Court construed plaintiff's complaint as raising a constitutional challenge, there is no constitutional deficiency.  In support of her claim, plaintiff cites one case, *Day v. Shalala*, 23 F.3d 1052 (6th Cir. 1994), for the generic proposition that "[i]nadequate notices are subject to reversal for a failure to provide due process under the Constitution of the United States."  Plaintiff's Brief at pp. ID## 1255-56.  "An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."  *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).  Thus, a Social Security claimant must "receive meaningful notice and an opportunity to be heard before his claim for disability benefits can be denied."  *Stoner v. Secretary of Health and Human Services*, 837 F.2d 759, 760-61 (6th Cir. 1988).  Here, this Court remanded plaintiff's claim to the Commissioner, where it was ultimately remanded to an ALJ, who held a new hearing (AR 735-76), which resulted in a partially favorable decision on February 21, 2013 (AR 714-

28).  Plaintiff disagreed with that decision and sought review from the Appeals Council.  On February 21, 2013, the ALJ advised plaintiff of the need to file written exceptions within 30 days (AR 709-11).  Although the ALJ advised plaintiff that written exceptions were to be filed, plaintiff's counsel stated that he was "unaware that exceptions rather than the request for Review was the expected method of contesting the decision of the ALJ."  Plaintiff's Brief at p. ID# 1256.  In an apparent attempt to assist plaintiff, the Appeals Council construed her improperly filed request for review as a request for an extension of time to file written exceptions and granted an extension through April 30, 2013.  However, plaintiff did not respond to the Appeals Council until June 19, 2013.  In sum, plaintiff received adequate notice of the need to file exceptions but failed to exercise her rights in a timely manner.  Accordingly, plaintiff's constitutional challenge will be denied.

      **IV.**    **Conclusion**

For these reasons, plaintiff's complaint will be **DISMISSED**.  An order of dismissal consistent with this opinion shall be issued forthwith.

Entered: March 20, 2015                    /s/ Hugh W. Brenneman, Jr.
                                                    Hugh W. Brenneman, Jr.
                                                    United States Magistrate Judge